Argued and submitted February 24, 2016, affirmed March 1, 2017

In the Matter of
the Estate of Leonard P. Clark,
Deceased.

Dalton HOBBS;
Mitchell Hobbs; and
Dalton Hobbs, as the Personal Representative of
the Estate of Thelma Priscilla Clark,
*Appellants,*

*v.*

Robert B. HARRINGTON,
as the Personal Representative of
the Estate of Leonard P. Clark;
Julie Clark Downie; and
Leslie Clark Evans,
*Respondents.*

Washington County Circuit Court
C100199PE; A158411

391 P3d 915

Zachariah H. Allen argued the cause for appellants. On the briefs were Dean N. Alterman, Courtney C. Dippel, and Folawn Alterman & Richardson LLP.

Thomas W. Sondag argued the cause for respondent Robert B. Harrington. With him on the brief was Lane Powell PC.

Bruce L. Campbell argued the cause for respondents Julie Clark Downie and Leslie Clark Evans. On the brief were John F. Purcell and Miller Nash Graham & Dunn LLP.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## EGAN, J.

Dalton Hobbs, as personal representative for his mother Thelma's estate (Dalton), appeals from a judgment of final distribution of the estate of his step-father, Leonard Clark (the decedent).[1] Respondents Downie and Evans are the decedent's daughters, and respondent Harrington is the personal representative of the decedent's estate. Dalton contends that the probate court erred in declining to address a request for partial distribution that had been filed by Thelma during her lifetime, before entering the judgment of final distribution. In reviewing the probate court's judgment, we are bound by the court's factual findings in the record if there is evidence to support them, and we review legal questions for errors of law. ORS 111.105(2) ("Appeals from a circuit court sitting in probate shall be taken to the Court of Appeals in the manner provided by law for appeals from the circuit court."); *Bigsby v. Vogel*, 248 Or App 423, 425, 273 P3d 284 (2012).[2] We conclude that the court did not err and therefore affirm.

The facts on which the probate court based its judgment are primarily procedural and are not disputed. The decedent's will created two revocable trusts upon his death. The first trust, Thelma's Trust, was exclusively for the benefit of Thelma, his surviving spouse. Thelma's Trust was to be funded after the decedent's death. The will directed the greater portion of the decedent's estate to Thelma's Trust. All of the income from Thelma's Trust was to be paid to Thelma at least annually. The trust permitted Thelma to appoint the trust's remainder beneficiaries. Thelma appointed her sons, Dalton and Mitchell, as the remainder beneficiaries of Thelma's Trust.

The decedent's will also created the Decedent's Trust, which was to be funded after the decedent's death

---

[1] Dalton and Mitchell Hobbs are also named as appellants in their individual capacities, but the only arguments on appeal are made by Dalton in his capacity as personal representative of Thelma's estate.

[2] Formerly, this court reviewed probate court proceedings *de novo*. *Adams v. West Coast Trust*, 266 Or App 83, 338 P3d 171 (2014), *rev den*, 356 Or 689 (2015). Now, *de novo* review is discretionary in most equitable cases, like this one. ORS 19.415(3)(b).

with the maximum amount of the remainder of the decedent's estate that could pass free of federal estate tax. The Decedent's Trust was to be managed by a trustee who would have the discretion to distribute income from the Decedent's Trust to Thelma for her proper care and support. The decedent's daughters were the remainder beneficiaries of the Decedent's Trust.

After the decedent's death in June 2010, the decedent's will was admitted into probate, and Harrington was appointed as personal representative. Thelma requested that all documents relating to the estate be served on her attorney. In May 2012, the estate made a partial distribution to Thelma's Trust of estate assets totaling $5.9 million. In July 2013, Thelma's attorney filed a petition for a second partial distribution on Thelma's behalf. The petition sought to have the estate distribute to Thelma all of the estate's accumulated income, and distribute to Thelma's Trust shares of stock that the estate had acquired in "Rainier Distribution, Inc." Harrington requested that the court not act on Thelma's petition for partial distribution without first holding a hearing. Thelma's attorney did not request a hearing, and the court did not take any action on the petition for partial distribution.

In November 2013, Harrington filed a final accounting and a petition for general judgment and final distribution, and served all parties entitled to notice, including Thelma and her attorney. The proposed final distribution distributed to the Decedent's Trust the shares of stock from Rainier Distribution and accumulated income of the estate, contrary to Thelma's petition for partial distribution.

Harrington, as personal representative for the decedent's estate, required that any objections to the final accounting be filed no later than November 26, 2013. Neither Thelma nor her attorney objected to the final accounting. But Dalton and Mitchell did object, explaining that they were interested in the disposition as the children of the decedent's surviving spouse and the remainder beneficiaries of Thelma's Trust.

At a hearing to consider the final accounting and distribution, the probate court declined to consider Dalton's

and Mitchell's objections brought in their individual capacities, ruling that the brothers lacked standing.[3] In light of the court's refusal to consider their objections, their attorney asked the court to resolve Thelma's petition for partial distribution, which had sought a distribution of the disputed shares of stock and the accumulated income. It is undisputed that Thelma had died on January 2, 2014, after the deadline for filing objections to the final accounting but before the hearing, and that Dalton had been appointed as personal representative of her estate. Dalton's attorney sought to substitute Dalton, as personal representative, for Thelma, and contended that the court was required to resolve the issues raised by Thelma's petition for partial distribution before addressing the final accounting and distribution. The court concluded that the final distribution superseded and obviated the need to address the petition for partial distribution, and entered the judgment of final distribution.

On appeal, Dalton, as personal representative of Thelma's estate, argues that the probate court erred in declining to address the merits of Thelma's petition for partial distribution before considering the final distribution. We begin our analysis with the relevant statutes. ORS 116.013 relates to petitions for partial distribution and provides:

> "Upon petition by the personal representative or other interested person, and after such notice and hearing as the court may prescribe, the court may order the personal representative to distribute, prior to final settlement and distribution, property of the estate to the person or persons who would be entitled to the property under the will or under intestate succession on final distribution[.]"

Under ORS 116.013, after notice and a hearing "as the court may prescribe," the court "may order" the personal representative to make a partial distribution of estate property "prior to final settlement and distribution." The statute gives the probate court discretion to make a partial distribution before the estate is closed. *See State v. Summers*, 277

---

[3] The court reasoned that Dalton and Mitchell lacked standing in their individual capacities because, as of the deadline for filing objections, their interests in the estate were as remainder beneficiaries of Thelma's Trust. Because Thelma was still alive and the trust was revocable, the court concluded that the brothers' interests had not yet vested. That ruling is not challenged on appeal.

Or App 412, 418, 371 P3d 1223, *rev den*, 384 Or 156 (2016) (statute describing sanctions that the court "may order" for violation of discovery statutes conferred "broad discretion" on trial court). But any partial distribution authorized by the court is subject to reconsideration; the court may order that it be returned to the estate if required for payment of claims or expenses of administration. ORS 116.043.

When the personal representative files a final accounting and petition for a judgment of distribution, the personal representative also fixes a time for filing objections to the final accounting and petition, and notifies each heir, devisee, and creditor of the time fixed for filing objections. ORS 116.093(1). ORS 116.103 provides:

> "Any person entitled to notice under ORS 116.093 may, within the time fixed for the filing, file in the estate proceeding objections to the final account and petition for distribution, specifying the particulars of the objection. Upon the filing of objections the court shall fix the time for hearing thereon."

As we held in *Adams v. West Coast Trust*, 266 Or App 83, 98-99, 338 P3d 171 (2014), *rev den*, 356 Or 689 (2015), the time set by the personal representative under ORS 116.093 for filing objections to the final accounting controls. If no objections are filed by that date and the probate court approves of the final accounting, the court enters a judgment of final distribution. ORS 116.113. A judgment of final distribution is the "conclusive determination of the persons who are the successors in interest to the estate and of the extent and character of their interest therein." ORS 116.113(4).

There is no contention on appeal that there were irregularities in the procedures leading up to the hearing on the final accounting and petition for judgment of distribution. Dalton's four assignments of error all derive from his view that the court should have resolved Thelma's petition for partial distribution before considering the final accounting or entering a judgment of distribution.

Respondents challenge Dalton's standing to appeal the probate court's judgment. They point out that Thelma, who had been represented by an attorney during the probate proceedings, did not file any objection to the final accounting

and that, after Thelma's death, there was no motion under ORCP 34 G (describing procedures for substitution of parties) to substitute Dalton in his capacity as personal representative. Dalton responds that the probate court in fact ruled from the bench that he could appear in his capacity as personal representative of Thelma's estate for the purpose of asserting that the petition for partial distribution should be addressed. It is not clear to us from the record whether the court ruled on Dalton's requested substitution. The court nonetheless did address the merits of Dalton's contention that it should dispose of the issues raised by Thelma's petition for partial distribution before entering a final judgment of distribution. In rejecting the contention, the court concluded that the petition for partial distribution was "trumped" by the final accounting and distribution.

Assuming that the probate court in fact allowed Dalton to appear in his capacity as the personal representative of Thelma's estate and that Dalton had standing in that capacity, we conclude that there is no support in either the statutes or the case law for Dalton's contention that the probate court erred in concluding that it did not need to address the issues raised in the petition for partial distribution. ORS 116.013 allows a probate court to make a partial distribution "prior to final settlement and distribution" but, as we have explained, the probate court's authority to make a final distribution is discretionary. There has been no showing that the probate court abused its discretion here in declining to resolve the petition. *Country Casualty Ins. Co. v. Villa-Chavez*, 228 Or App 677, 682, 208 P3d 1036 (2009) (court's application of statute "couched in permissible terms" reviewed for abuse of discretion).

Additionally, as the probate court correctly explained, the petition for judgment of final distribution superseded the petition for partial distribution.[4] The probate court was correct, because the judgment of final distribution designates "the persons in whom title to the estate available for

---

[4] The probate court characterized the issues raised in the petition for partial distribution as having become "moot," and Dalton disputes the correctness of that characterization. We understand the probate court's use of the term "moot" to express the court's conclusion that the petition for final judgment of distribution superseded the petition for partial distribution.

distribution is vested and the portion of the estate or property to which each is entitled." ORS 116.113(1). Thus, the judgment of final distribution made the final distribution of all of the estate assets, including the assets that were the subject of the petition for partial distribution. After the filing of the final accounting and petition for a final judgment of distribution, Thelma could have raised the same issues raised in the petition for partial distribution by objecting to the final accounting by the deadline established by the personal representative, and the probate court would have been required to hear them. ORS 116.103 ("Upon the filing of objections the court shall fix the time for hearing thereon."). But, in the absence of a timely filed objection by a party with standing to object, the court was not required to consider those issues before entering the judgment of final distribution. *Adams*, 266 Or App at 98-99.

Affirmed.